# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| SHANEKA THOMAS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:23-CV-00199 (WLS) |
| CHARLIE LARANZO ROBERTS, | : |
| Defendant. | : |

## **ORDER**

The Court held a pretrial conference in the above-captioned matter on March 12, 2025. This Order memorializes that conference.

First, Defendant, who proceeds *pro se*, did not appear at the conference. The Court noted, however, that due to some confusion on the docket about whether Defendant was represented by Counsel, it is possible that Defendant did not receive notice of the conference. Thus, the Court excuses Defendant's failure to attend. The Court will allow Defendant fourteen days to make any objections to the matters discussed at the hearing, or the matters resolved in this Order. Those objections, if any, shall be submitted no later than **Thursday, March 27, 2025**.

Second, the Court inquired as to the intent of Plaintiff's Motions in Limine (Doc. 28 & 29). The Court's chief concern was that motions in limine are used to *exclude* evidence rather than to give notice of a parties' intent to introduce particular evidence. *See e.g.*, *Royal Marco Point 1 Condo. Ass'n v. QBE Ins.*, No. 2:07-CV-16, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 459 U.S. 38, 41 (1984)) ("A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds."). After discussion with Counsel, and consideration of his submissions, the Court will construe Plaintiff's Motions in Limine (Docs 28 & 29) as notices of intent to introduce certain types of evidence at trial. The Court will resolve those issues at a later date or at trial. In any event, if Plaintiff seeks to introduce any evidence which is referenced in her Motion in Limine, she

shall lay the proper foundation that such evidence is relevant and admissible. That foundation shall be presented on proper notice to Defendant and the Court, and outside of the hearing of the jury.

Third, the Court addressed the numerous notices of deficiency issued by the Clerk in response to Plaintiff's Counsel's filings. These notices of deficiency were for (1) filing discovery when it is not permitted by the Local Rules, and (2) failure to convert files into a text-searchable PDF format. Plaintiff's Counsel stated that he has had technical issues relating to filing documents which he has since resolved. However, Counsel is reminded that complying with the Local Rules and CM/ECF Administrative Procedures is a fundamental requirement of practice before this Court. Failure to comply with these Rules and Procedures may result in a show cause order being issued, and may be cause for the Court to impose discipline or sanctions. However, as to the above-referenced deficiencies, Counsel represented to the Court that those have been resolved. Therefore, no further consideration in the matters by the Court is necessary.

Fourth, Plaintiff's Counsel announced that he was ready for trial. That trial is projected to take one to two days, including jury selection. The Court will notice a trial by separate notice or order.

**SO ORDERED**, this 13th day of March 2025.

                                      **/s/ W. Louis Sands**
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATES DISTRICT COURT**