**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| SHANEKA THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:23-CV-00199 (WLS) |
| | : | |
| CHARLIE LARANZO ROBERTS, | : | |
| *individually and in his official capacity as* | : | |
| *Police Officer for the City of Albany*, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

## I. INTRODUCTION

In anticipation of trial, which is set to begin on April 9, 2025, at 8:30 A.M., the Court wishes to bring its concerns about Plaintiff's proffered jury instructions to the Parties' attention. This Order puts the Parties on notice that Plaintiff's Proposed Jury Instructions (Doc. 35) are inadequate as submitted—at least in light of the Court's review of the pleadings and the relevant law. Of course, this Order should not be construed as a final finding as to any particular instruction, but the Parties must be prepared to address the issue before or at trial.

## II. JURY INSTRUCTIONS

### A. Legal Standard

The Court has an independent duty to ensure that the jury is appropriately charged. *See Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1300 (11th Cir. 2019). These charges must "fairly and adequately address[] the issue[s] and correctly state[] the law." *Id.* (quoting *Christopher v. Cutter Lab'ys*, 53 F.3d 1184, 1190 (11th Cir. 1995)). And the charges must be adequate in light of "the allegations of the complaint, the evidence presented, and the arguments of counsel." *Cutter Lab'ys*, 53 F.3d at 1190 (citing *Hasenfus v. Secord*, 962 F.2d 1556, 1562 (11th Cir. 1992)), *cert denied*, 506 U.S. 1051 (1993)). When formulating jury instructions, district courts enjoy "broad discretion[.]" *Q. Club Hotel, LLC*, 933 F.3d at 1300.

### A. Brief Summary of the Allegations

As alleged, Defendant Charlie Roberts, a former City of Albany Police Officer, was dispatched to Plaintiff's apartment after she called 911 to report a suspicious person. (Doc. 1-3 ¶¶ 13–14, 37). After Defendant arrived, he approached Plaintiff and began making unsolicited verbal and physical sexual advances. (*Id.* ¶¶ 17–18). The physical advances included pulling on Plaintiff's clothes, grabbing her buttocks, and touching her breasts and vagina. (*Id.* ¶¶ 19–22). Although Defendant eventually left Plaintiff's apartment, he returned the next day, and "continued to make inappropriate comments to [Plaintiff] about his desire to have sex with her." (*See id.* ¶ 34). Plaintiff brings three claims based on Defendant's sexual advances: (1) a 42 U.S.C. § 1983 claim, (2) a Georgia state-law battery claim, and (3) a Georgia state-law intentional infliction of emotional distress claim.

### B. Concerns with Plaintiff's Jury Instructions

The Court's preliminary review of these allegations raises two chief concerns with Plaintiff's Proposed Charges: (1) the § 1983 jury instruction erroneously relies on the Due Process Clause, and (2) the state-law battery claim erroneously relies on Georgia criminal law. The Court briefly explains these concerns, so that the Parties may adequately address them before the Court determines the final charge.

### A. Section 1983 Instruction

Counsel appears to incorrectly believe that Plaintiff's § 1983 claim is cognizable under the Due Process Clause. Plaintiff's § 1983 claim asserts a violation of Plaintiff's rights under three constitutional provisions: the Fourth Amendment, the Fourteenth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. In Plaintiff's proposed § 1983 charge, however, she narrows her claim and requests an instruction only under the Due Process Clause. Yet Eleventh Circuit authority—and the prevailing view in other Circuits—reveals that the Equal Protection Clause provides the only appropriate vehicle for Plaintiff's claim as pleaded. In other words, were Plaintiff to establish the facts at trial that are alleged in her Complaint, the Court would decline to give the proffered Due Process instruction. Instead, the Court would charge the jury under the Equal Protection Clause. The Court briefly explains why.

### 1. Fourth Amendment

Although the Fourth Amendment often governs police misconduct, it is inapposite here because Defendant's alleged conduct was unrelated to an attempt to detain or arrest Plaintiff. Sexual assault is indeed enough physical force to effect a seizure under the Fourth Amendment. *Weeks v. Colquitt Cnty.*, No. 7:23-CV-77, 2025 WL 897531, at *6 (M.D. Ga. Mar. 24, 2025) (quoting *Hess v. Garcia*, 72 F.4th 753, 763 (7th Cir. 2023)). Even so, "[a]n offensive touching is not a seizure if there is no intentional acquisition of physical control over the person resulting in restraint of [the person's] movements." *Doe v. City of Miami Gardens*, 389 F. Supp. 3d 1118, 1133 (S.D. Fla. 2019) (quoting *McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003)). For this reason, courts limit the application of the Fourth Amendment to sexual assaults perpetrated during an arrest or detention. *Weeks*, 2025 WL 897531, at *6 (quoting *Walker v. Heard*, No. 7:15-CV-00924, 2016 WL 6699417, at *9 (N.D. Ala. Nov. 15, 2016); *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003); and *Rogers v. City of Little Rock*, 152 F.3d 790, 796 (8th Cir. 1998)).

As alleged, there is no suggestion that Defendant had any intent to detain or arrest Plaintiff. Without this intent, no seizure occurred, and the Fourth Amendment is not implicated. That Amendment therefore provides no avenue for relief upon the allegations.

### 2. Substantive Due Process

Perhaps realizing this, Plaintiff submits an instruction under the Due Process Clause. In that instruction, Plaintiff characterizes the Defendant's conduct "as a violation of the substantive due process right to bodily integrity or privacy." (Doc. 35 at 15). Yet this too provides no avenue for relief.

To be sure, Plaintiff correctly points out that courts have recognized a violation of the substantive due process right to bodily integrity and privacy where a law enforcement official has committed a sexual assault on duty. *See e.g.*, *Hess*, 72 F.4th at 767 (holding that substantive due process right to bodily integrity was violated where police officer fondled a high school student during a ride-along). Even so, the cases relied upon are from other Circuits, and not particularly persuasive. *See e.g.*, *Harris v. City of Pagedale*, 821 F.2d 499, 508 (8th Cir. 1987); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727 (6th Cir. 1996); *McWilliams v. Fairfax Cnty. Bd. of Supervisors*, 72 F.3d 1191, 1197 (4th Cir. 1996). Such cases are useful only to the extent they are

3

not contradicted by Eleventh Circuit or Supreme Court authority—the only authority which is binding upon this Court.

Although the Eleventh Circuit has not directly addressed whether a sexual assault by a police officer violates the Due Process Clause, Plaintiff's reliance on the Due Process is nevertheless misplaced. The Eleventh Circuit instructs that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [those] claims." *Echols v. Lawton*, 913 F.3d 1313, 1326 (11th Cir. 2019) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)). In other words, "the Due Process Clause cannot be used to supplement" rights which already set a specific standard for government conduct. *Id.*

The Equal Protection Clause sets such a standard for the conduct Plaintiff complains of. That Clause therefore controls, and Plaintiff may not use substantive due process to supplement her Equal Protection Clause rights. For this reason, it would likely be error to give a substantive due process instruction.

### 3. Equal Protection Clause

Because the Equal Protection Clause sets the standard for claims of sex discrimination by Government officials, it appears to be the only relevant constitutional interest. The Equal Protection Clause provides that "no State shall deny to any person within its jurisdiction the equal protection of its laws." U.S. Const. amend. XIV § 1. Essentially, this is "a direction that all persons similarly situated should be treated alike." *Martinez v. Warden*, 848, F. App'x 864, 867 (11th Cir. 2021) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). The Equal Protection Clause thus "protects women from sex discrimination by persons acting under color of state law." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1340 (11th Cir. 1999) (citing *Craig v. Boren*, 429 U.S. 190, 198 (1976)). The Eleventh Circuit has explicitly recognized a right to be free from sex discrimination in public employment and public education. *Cross v. Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1508 (11th Cir. 1995) (public employment); *Hill v. Cundiff*, 797 F.3d 948, 978–80 (11th Cir. 2015) (public education).

Granted, the Eleventh Circuit has not found, explicitly, that the right against sex discrimination by public officials extends beyond the employment or public education

4

contexts. But Court is persuaded by the example set by other Circuits which have extended the right to be free from sexual harassment by law enforcement officials. *See Shepherd v. Robbins*, 55 F.4th 810, 817 (10th Cir. 2022) (holding that a state trooper who used his authority to pull a woman over to flirt with her violated the Equal Protection Clause); *Hess*, 72 F.4th at 760–61 (holding that a police officer who fondled woman during a ride along had violated the Equal Protection Clause).[1] Georgia district courts have also taken a similar approach. *See Weeks*, 2025 WL 897531, at *8 (M.D. Ga. Mar. 24, 2025) (finding plaintiff stated Equal Protection Clause claim against police officer who inappropriately touched crime victim and made sexual advances toward her but dismissing plaintiff's Fourth Amendment and Substantive Due Process claims based on the same conduct); *Doe v. Fulton-DeKalb Hosp. Auth.*, No. 1:05-CV-2277, 2006 WL 1222289, at *2 (N.D. Ga. May 4, 2006) (dismissing plaintiffs' substantive due process claim for sexual harassment because "the Equal Protection Clause is the appropriate avenue of relief."), *aff'd* 628 F.3d 1325 (11th Cir. 2010).

Under this approach, sexual harassment occurs "when a state actor abuses his governmental authority to further his own sexual gratification." *Shepherd*, 55 F.4th at 817 (citing *Johnson v. Martin*, 195 F.3d 1208, 1218 (10th Cir. 1999). Such misconduct offends the Equal Protection Clause because it gives rise to the reasonable inference that a person was discriminated against as a member of a protected class. And "there is virtually no scenario imaginable where sexual harassment . . . is substantially related to important governmental objectives." *Hess*, 72 F.4th at 761 (citing *Bohen v. E. Chi.*, 799 F.2d 1180, 1187 (7th Cir. 1986)).

Here, Plaintiff essentially alleges that Defendant sexually harassed her while on duty as a police officer. The Equal Protection Clause protects against such harassment by law enforcement officials. So, it would be improper under Eleventh Circuit authority to allow Plaintiff to supplement that Equal Protection Clause protection through substantive due process. *See Echols*, 913 F.3d at 1326. For this reason, the Court believes an Equal Protection Clause instruction would likely be appropriate.

---

[1] These cases were decided substantially later than Plaintiff's proffered authority, and better reflect the prevailing view in other Circuits.

### B.     Battery Instruction

The Court is also concerned that Plaintiff's proffered battery instruction does not reflect the Georgia tort law battery standard. Although Plaintiff's instruction indeed states one standard for battery under Georgia law, the instruction relies on O.C.G.A. § 16-6-22.1 which explains the criminal offense of sexual battery. Yet Plaintiff brings a tort claim for battery, and this case is a civil action. Any appropriate charge must therefore invoke the proper tort law standard. Because Plaintiff's proposed battery charge does not, it would likely be error to give that instruction.

### III.    CONCLUSION

To sum up, the Court explains above its concerns with Plaintiff's Proposed Charges for her § 1983 claim and her battery claim. Namely, Plaintiff's proposed § 1983 instruction appears to sound under the Due Process Clause, rather than invoke an appropriate Equal Protection Clause instruction, and Plaintiff's proposed battery instruction references criminal law, rather than the relevant tort law standard. Although nothing in this Order should be construed as a final finding on Plaintiff's proposed charges, the Parties are now on notice of the Courts concerns, and should be prepared to address these issues before or at trial.

**SO ORDERED**, this 4th day of April 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**